# Supreme Court of Florida

_____

No. SC17-1947
_____

**IN RE: AMENDMENTS TO THE FLORIDA SUPREME COURT APPROVED FAMILY LAW FORMS—FORM 12.961.**

August 30, 2018

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Supreme Court Approved Family Law Forms. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

Under *Amendments to the Florida Family Law Rules of Procedure & Family Law Forms*, 810 So. 2d 1, 13-14 (Fla. 2000), the Court internally reviews and maintains the Florida Supreme Court Approved Family Law Forms. Previously in this case, we adopted amendments to Florida Supreme Court Approved Family Law Form 12.961 (Notice of Hearing on Motion for Contempt/Enforcement in Support Matters). The amendments added language to the form in order to clearly notify an alleged contemnor that his or her present ability to pay is a critical issue in the proceeding and that he or she will be provided an opportunity during the

contempt hearing to respond to allegations and questions about his or her financial status, in accordance with *Turner v. Rogers*, 564 U.S. 431 (2011). *In re Amends. to Fla. Supreme Ct. Approved Fam. L. Forms—Form 12.961*, 232 So. 3d 285, 285 (Fla. 2017). Additionally, the language of the form also advises the alleged contemnor whether the proceedings will be recorded electronically or by a court reporter, pursuant to Florida Family Law Rule of Procedure 12.615 (Civil Contempt in Support Matters). *Id.* After adoption of the amendments to form 12.961, interested parties were permitted to file comments with the Court; two comments were filed proposing additional revisions to form 12.961—one from Sasser, Cestero & Sasser, P.A., and the other from the Family Law Rules Committee.

Upon consideration of the comments, and having received input from the Advisory Workgroup on the Florida Supreme Court Approved Family Law Forms (Workgroup), we adopt additional amendments suggested by Sasser, Cestero & Sasser, P.A. to form 12.961 to add an additional option to the recording notification that we previously adopted in this case. In addition to the options notifying the alleged contemnor whether the proceedings will be recorded electronically or by a court reporter, we add a third option advising an alleged contemnor, option "c" which states: "No electronic recording is provided by the court and the court does not provide a court reporter. A party may provide a court

reporter at that party's expense."

As to whether to amend form 12.961 to convert it to a universal form, we have considered the comments of the Family Law Rules Committee that the form should be made a universal form. However, after considering the recommendations of the Workgroup, we decline to make that change. Several members of the Workgroup felt that inclusion of the language for both General Magistrates and Child Support Hearing officers in one form would be confusing for self-represented litigants.

While we thank the Family Law Rules Committee and the hardworking Workgroup for their additional proposals to form 12.921 and form 12.920(c), we determine that any further proposed amendments should be handled in a separate case. Specifically, as to form 12.920(c), any proposal must be filed by the Florida Family Law Rules Committee since this form is a Florida Family Law Rules of Procedure form.

The amended form is adopted as set forth in the appendix to this opinion, fully engrossed and ready for use. The form shall become effective immediately upon release of this opinion. The form may be accessed and downloaded from the Florida State Courts' website at http://www.flcourts.org/resources-and-services/court-improvement/family-courts/family-law-forms.stml. By adoption of the form, we express no opinion as to its correctness or applicability.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Supreme Court Approved Family Law Forms

Thomas J. Sasser, Jorge M. Cestero, Peter J. Trombadore, Trisha P. Armstrong, and Cash A. Eaton of Sasser, Cestero & Sasser, P.A., West Palm Beach, Florida; and Maria Liliana Obradovich, Chair, Tampa, Florida, Robert J. Merlin, Past Chair, Family Law Rules Committee, Coral Gables, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

Responding with Comments

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.961
# NOTICE OF HEARING ON MOTION FOR CONTEMPT/ENFORCEMENT
# IN SUPPORT MATTERS (RULE 12.615)
# (08/18)

## When should this form be used?

Use this form anytime you have set a **hearing** on a **Motion for Contempt/Enforcement**, Florida Supreme Court Approved Family Law Form 12.960, for a support matter under rule 12.615, Florida Family Law Rules of Procedure. Before you fill out this form, you must coordinate a hearing time and date with the **judge** or **hearing officer** and the other party. If the Department of Revenue is a party to the case, you may need to schedule your hearing time with the attorney for the Department of Revenue.

If your case is to be heard by a child support enforcement hearing officer, the following information applies: A child support enforcement **hearing officer** is an attorney who has been appointed by administrative order of the court to take testimony and recommend decisions in cases involving the establishment, enforcement, and/or modification of **child support**, and the enforcement of alimony in conjunction with an ongoing child support arrearage order. If your case only involves issues pertaining to child support, you cannot object to the referral of your case to a hearing officer. If your case is going to be heard by a **general magistrate**, you should use **Notice of Hearing Before General Magistrate**, Florida Family Law Rules of Procedure Form 12.920(c).

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be **personally served** by a sheriff or private process server, mailed*, e-mailed*, or hand delivered to any other party(ies) in your case. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. This is a technical area of the law;

if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for **Summons: Personal Service on an Individual,** Florida Family Law Rules of Procedure Form 12.910(a).

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org or through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see rules 12.615 and 12.941, Florida Family Law Rules of Procedure.

## Special notes

An attorney who has been appointed by the court to serve as a child support enforcement hearing officer can also be appointed to serve as a general magistrate. If your case involves only child support issues, your case properly may be referred to a general magistrate acting as a child support enforcement hearing officer.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also

Instructions for Florida Supreme Court Approved Family Law Form 12.961, Notice of Hearing on Motion for Contempt/Enforcement (08/18)

**must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

## NOTICE OF HEARING ON MOTION FOR
## CONTEMPT/ENFORCEMENT IN SUPPORT MATTERS
## (RULE 12.615)

TO: *{name of other party}* _____

There will be a hearing before _____ *{name of judge or hearing officer}*,
on *{date}*_____, at *{time}*_____ m., in room _____ of the
_____Courthouse, on the _____ Petitioner's _____ Respondent's Motion for
Contempt/Enforcement in Support Matters. _____hour(s)/_____ minutes have been reserved for this
hearing.

**FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST.  IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.**

**You are strongly urged to prepare and file a Florida Family Law Rules of Procedure Financial Affidavit, prior to the hearing, as your ability to pay is a critical issue in this contempt proceeding.**

**You will be provided an opportunity at the hearing to respond to allegations and questions about your present financial status.**

*This part is to be filled out by the court or to be filled in with information obtained from the court:*

## If you are a person with a disability who needs any accommodation in order to

Florida Supreme Court Approved Family Law Form 12.961, Notice of Hearing on Motion for Contempt/Enforcement (08/18)

**participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

_____

*{identify applicable court personnel by name, address, and telephone number }* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**YOU ARE ADVISED THAT FOR THIS HEARING**

a. \_\_\_\_\_ **Electronic recording is provided by the court. A party may provide a court reporter at that party's expense.**

b. \_\_\_\_\_ **A court reporter is provided by the court.**

c. \_\_\_\_\_ **No electronic recording is provided by the court and the court does not provide a court reporter. A party may provide a court reporter at that party's expense.**

If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.

If this matter is resolved, the moving party shall contact the judge or hearing officer's office to cancel this hearing.

I certify that a copy of this document was \_\_\_\_\_ mailed \_\_\_\_\_ faxed and mailed \_\_\_\_\_ e-mailed \_\_\_\_\_hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney**:
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____

_____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es);_____

_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only one}* _____Petitioner _____ Respondent. This form was completed with the assistance of:

*{name of individual}*  _____,

*{name of business}*_____,

*{address}*_____,

*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.961, Notice of Hearing on Motion for Contempt/Enforcement (08/18)